**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DEANNA R. JACKSON                                                                    PLAINTIFF

v.                                          4:22-cv-01035-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine

G. Baker.  The parties may file specific objections to these findings and recommendations and

must provide the factual or legal basis for each objection.  The objections must be filed with the

Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy

must be served on the opposing party.  The district judge, even in the absence of objections, may

reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Deanna Jackson, has appealed the final decision of the Commissioner of the

Social Security Administration to deny her claim for disability insurance benefits.  The

Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the

meaning of the Social Security Act, because jobs existed in significant numbers she could perform

despite her impairments.  (Tr. 204-224.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is not supported by substantial evidence and this matter should be REVERSED and REMANDED for further development of the record.

Plaintiff was fifty-two years old at the time of the administrative hearing. (Tr. 886.)  She is a college graduate and has past relevant work as a counselor and teacher.  (Tr. 223.)

The ALJ[1] found Ms. Jackson has not engaged in substantial gainful activity since March 7, 2019 – the alleged onset date.  (Tr. 207.)  She has "severe" impairments in the form of depression and generalized anxiety disorder.  (Tr. 207.)  The ALJ further found Ms. Jackson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R.

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Part 404, Subpart P, Appendix 1.[2]  (Tr. 210-213.)

The ALJ determined Ms. Jackson has the residual functional capacity (RFC) to perform work at all exertional levels but is limited to work involving simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete.  (Tr. 213.)  Additionally, the ALJ concluded she could tolerate occasional interaction with co-workers, supervisors, and the public.  (*Id*.)  Based on his RFC assessment, the ALJ concluded Ms. Jackson could no longer perform her past relevant work.  (Tr. 222-223.)  So, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 907-909.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of laundry worker and commercial cleaner - despite her limitations.  (Tr.224.)  Accordingly, the ALJ determined Ms. Jackson was not disabled.  (*Id*.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-200.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

Plaintiff argues, *inter alia*, that the ALJ erred at Step 2 of the sequential analysis by finding she had no "severe" physical impairments.  (Doc. No. 12 at 15-16.)  Specifically, Ms. Jackson argues the ALJ failed to acknowledge the severity of her ". . . longstanding degenerative disc disease in her cervical, thoracic, and lumbar spines for which she has seen Dr. Paulus for orthopedic evaluation and Dr. Ackerman and later Dr. Garlapati for pain management [with] MRI [results showing] degenerative changes, especially at C5-6 and C6-7, annular bulging, annular tear at C6-7, and mild canal narrowing."  (*Id.* at 15.)

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). A non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review of the record, I find the Commissioner's decision must be remanded for further development of the record. Although the Commissioner counsel somewhat persuasively argues that Plaintiff's back pain originated from a 2012 motor vehicle accident, (Doc. No. 14 at 5), the objective medical evidence reveals that Plaintiff has *degenerative* changes that cause her substantial pain and limitation. So, while the 2012 accident may have initiated Plaintiff's back and neck issues, it appears these issues have deteriorated since.

Plaintiff points to the findings of Stephen Paulus, M.D., showing "tenderness" of the cervical spine and "bulging" discs causing neck pain. (Tr. 1234.) Dr. Paulus writes that Plaintiff has "longstanding 'aching' axial neck pain, with minimal benefit from prior conservative

4

management with PT and moderate relief from interspinous ligament injection." (*Id.*)  Plaintiff also correctly notes her medical exams show pain and limitation (Tr. 1234, 1372- 1373, 1390-1391, 1399-1400, 1570-1571).   Plaintiff says, "Her medical records indicate that her pain impacts her mood and sleep, and it is exacerbated by activities such as bending, lifting, and prolonged sitting or standing. (e.g., T. 1343, 1349, 1563, 1569)."  (Doc. No. 12 at 15.)  A review of these records reveals this to be true.  And while MRI show mainly "mild" concerns, there are numerous anomalies that lend credence to Plaintiff's claims of pain and limitation.

The medical evidence clearly shows Plaintiff's back and neck issues significantly limit her ability to perform basic work activities.  Therefore, this matter should be remanded for further development of the record – namely evaluating Plaintiff's back and neck impairments beyond Step 2 of the sequential analysis.  Additionally, Plaintiff calls into question the ALJ's RFC assessment.  Upon remand, the Commissioner should reevaluate the conclusion that Plaintiff can perform work at all exertional levels should she be found to have "severe" physical impairments.  I recognize that the Commissioner may still deny benefits after proper analysis, but proper analysis is required.  *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be REVERSED and REMANDED for action consistent with this opinion and all pending motions be rendered moot.  It is recommended this be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

DATED this 5th day of June 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE